## Case No. 8,217.

### LEHMER et al. v. SMITH.

[1 Cin. Law Bul. 45.]

Circuit Court, S. D. Ohio. 1876.

BANKRUPTCY—EFFECT UPON EXISTING CONTRACTS.

[A., a grain commission merchant, buys and agrees to hold oats for B. upon margins. Without the knowledge or consent of B., he sells the same, and very soon afterwards becomes bankrupt. Nearly a year thereafter suit is brought by B. against A.'s assignee in bankruptcy, claiming for the margin upon the oats at the valuation of the highest market price attained by oats down to the time of bringing suit. Held, that the bankruptcy of A. made it apparent that he could neither replace the commodity nor pay damages. For this reason suit should have been entered at that time, and B. is therefore not entitled to any subsequent rise in price.]

[Error to the district court of the United States for the Southern district of Ohio.

The plaintiffs [James D. Lehmer and J. G. Isham] claimed that they were doing business in Cincinnati, Ohio, in 1873; that the bankrupt M. W. Stone was at that time a grain commission merchant; that he agreed to buy and hold for them, upon margins, in Chicago, 200,000 bushels of oats; that on the 28th day of September, 1873, he sold the oats in violation of his duty, and without their knowledge or consent. The defendant [Thos. G. Smith, assignee in bankruptcy of M. W. Stone] did not admit the fact as to the alleged unauthorized sale, but admitted a balance due plaintiffs, and denied that they had suffered damage, inasmuch as oats were lower during October and November, 1873, than at the date of sale. The main question, therefore, was upon the measure of damages.

Upon this question Judge Swing held, in the district court, that the measure of damages was the difference between the market price at the time when the plaintiffs learned that the sale had been made and the price at which the sale had been made. This discovery was on October 16, 1873. On October 18, 1873, Stone became bankrupt. There was no difference in price between

2 [From 3 Cent. Law J. 134.]

October 16th and October 18th. The plaintiffs claimed, however, that they were entitled to the highest market price which oats attained down to the bringing of the suit, in the summer of 1874.

G. E. Pugh and D. W. Strickland, for plaintiffs.

Matthews, Ramsey & Matthews, for defendant.

EMMONS, Circuit Judge, held that, in estimating the damages, no references could be had to the market at any time later than the date of the bankruptcy; that that was the date at which the plaintiffs knew that they would be obliged to sue, and that the policy of the law would not permit them to wait longer to take advantage of a further rise; that, even if the rule was as claimed by plaintiffs' counsel, the plaintiffs in such actions were ordinarily allowed a reasonable time in which to sue; that such reasonable time would cease with the bankruptcy of the defendant, as it was then made apparent that he could neither replace the commodity or pay the damages. Judgment affirmed.